No. 38,175

KENNETH SEIDL, *Appellant*, v. HELEN SHOFF, *Appellee.*

(228 P. 2d 705)

Opinion filed March 10, 1951.

*Dale Bruce*, of Wichita, argued the cause, and *Laurence S. Holmes*, of Wichita, was with him on the briefs for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages in one count for the alleged unlawful trespass and in a second count for the alleged prosecution of an injunction action, maliciously and without probable cause. Issues were joined and a trial by jury resulted in a verdict for defendant. Plaintiff's motion for a new trial was overruled and judgment was rendered in harmony with the verdict. Plaintiff has appealed.

The pertinent facts disclosed by the record may be stated briefly as follows: Early in October, 1946, a Mrs. Clara Winger owned an apartment house located at No. 2120 North Broadway street in Wichita, which contained five apartments. A Mrs. McGinnis occu-

pied the premises, paying $50 per month, unfurnished, and owned the furniture in the apartments, which she rented furnished and for which she received about $34 per week. Sometime in October the plaintiff, Kenneth Seidl, purchased the apartment building. Mrs. McGinnis tried to sell the furniture to Mr. Seidl, asking $1,400 to $1,600. He offered $300. Mrs. McGinnis sold the furniture for $1,250 to the defendant, Helen Shoff, who appeared to occupy one of the apartments. Mr. Seidl began a series of movements to try to get Mrs. Shoff out of the property. Details of this need not be mention further than to say that Seidl brought seven forcible detainer or forcible entry and detainer actions in the city court of Wichita, in each of which he failed. While this series of actions was being brought Mrs. Shoff brought an action in the district court to enjoin Seidl from his activities, or some of them. One of the forcible detainer actions was continued pending the outcome of the injunction suit, and Mrs. Shoff was required to pay into court the rent from the property for a time; also, in the injunction proceedings, she was required to pay rent collected to the clerk of the court for a time. The injunction case was heard in March, 1947. The court denied the injunction, but held that Mrs. Shoff was a "master tenant by sufferance." We are told that Siedl got possession of the property about September 1, 1947. Just how that was brought about is not disclosed. Thereafter Seidl brought this action, with the result above stated.

The rulings of the city court of Wichita in the numerous forcible detainer or forcible entry and detainer actions are not before us for review. We are told that one of them—perhaps the last one—was appealed to the district court, where it was decided in favor of the defendant. Neither is the ruling of the district court in the injunction action before us for review. We assume that those cases were properly decided.

In this court appellant's principal contention is that as soon as he notified defendant, either orally or in writing, to vacate the property, and she did not do so, that she then became a trespasser. This argument is predicated upon our statute (G. S. 1949, 67-509), which reads:

"Where the time for the termination of a tenancy is specified in the contract or where a tenant at will commits waste, or *in the case of a tenant by sufferance*, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary." (Emphasis ours.)

Appellant's contention goes further than the statute. With respect to that the court instructed:

"If you find that there was a tenancy by sufferance, no notice was necessary to terminate the tenancy, however before any damages other than the actual value of the use and occupancy of the premises, which would be in this case the rental value, there would have to be judgment of the court granting possession of the premises to plaintiff from defendant."

At the trial of the case, without taking the trouble to introduce the federal government regulation with regard to rental of property and removing of tenants therefrom, it is stated by counsel on the one side, and not objected to by the other, that the ceiling rent for the apartments without furniture was $50 per month. It was further stated that defendant would have no authority to remove the furniture from the apartment without consent of the Office of Price Administration. With respect to that the court gave the following instruction:

"You are further instructed that if you find from the evidence that the defendant had no right to go into the premises and was there unlawfully without any right whatsoever therein, then you may be justified in finding that she was a trespasser; however, if you find that she purchased furniture in or on said premises, she would have the right to go on said premises for the purpose of removing said funiture, and in addition thereto, if there was any law or administrative ruling, of the Federal Government, commonly referred to as the Office of Price Administration, which totally restrained her or denied her the right to remove said furniture, then she would not be a trespasser in entering upon said premises to care for said premises and her furniture contained therein. Under these conditions, you would be justified in finding that she would be a tenant by sufferance instead of a trespasser."

While counsel for appellant criticize the above quoted portions of the instructions it is our view that they were correct and properly given in view of the record before the court. Appellant also complains of some of the other instructions and of rulings of the court upon the introduction of evidence, and of the ruling of the court overruling plaintiff's motion for a new trial. We have examined each of these and find nothing substantial in the criticism.

We find no error in the record. The judgment of the trial court is affirmed.